NATIONAL FIREPROOFING COMPANY *vs.* INHABITANTS OF REVERE.

Suffolk.  December 10, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Tax,* Assessment.

The assessors of a town, after they have made an assessment in four separate items of the real estate, manufactured material, machinery, and horses, wagons and harnesses of a foreign corporation doing business in the town, cannot add another item under the title "all other ratable property" and include thereunder a "full and fair valuation" of the property enumerated under the other four items "taken together and constituting a going concern."

PETITION, filed in the Superior Court on December 7, 1908, for an abatement of the tax assessed by the respondent upon the petitioner, a Pennsylvania corporation, for the year 1908.

The case was referred to Wellington Wells, Esquire, as commissioner, and afterwards was heard by *Chase,* J.  It was agreed by the parties that the findings of fact contained in the report were to be taken as true.

It appeared that the petitioner had filed a list, properly sworn to, of the real and personal property of every kind and description owned by it on May 1, 1908, and subject to taxation.  This list was accepted by the assessors.

The assessors assessed the property of the petitioner in the following amounts:

On its real estate the sum of $46,400.

On its manufactured material the sum of $25,000.

On its machinery the sum of $10,750.

On its horses, wagons and harness the sum of $7,500.

On "all other ratable property" the sum of $44,500.

The petitioner did not contest the valuation of the real estate, machinery and the horses, wagons and harnesses. The commissioner found that the fair cash value of the manufactured material was $17,500. He also found "that the foregoing four items comprise all the tangible property of the plaintiff located in said Revere, and that there was no other ratable property belonging to said corporation and situated in said town of Revere which was tangible or visible."

The respondent at the trial offered evidence tending to show that in the item in the schedule entitled "all other ratable property" the valuation as fixed by the assessors "was the full and fair valuation of the property . . . enumerated under the other four items . . . taken together and constituting a going concern located in the town of Revere, in contradistinction to the full and fair cash value of each individual item, irrespective of and distinct from its relation to the other items, and irrespective and distinct from the fact that it is part and parcel, as aforesaid, of a going concern, and that the full and fair cash value of said property enumerated as 'all other ratable property' was $44,500." This evidence the judge excluded subject to an exception by the respondent. No other evidence was offered by the respondent.

The respondent asked the judge to rule that, in determining for what amount execution should issue against the town, the town should be credited with the tax upon said $44,500 valuation, but the judge declined so to rule and rendered judgment for the petitioner in a sum based on the commissioner's report. The respondent alleged exceptions.

*S. R. Cutler,* for the respondent.

*S. M. Bolster,* for the petitioner, was not called upon.

BRALEY, J. The petitioner, a foreign corporation, subject under St. 1903, c. 437, § 71, to taxation upon all its real estate, machinery and merchandise situated within the respondent town, duly brought in as required by R. L. c. 12, §§ 41, 42, (see St. 1909, c. 490, Part I, §§ 41, 42,) a list of its real and personal estate. It is to be assumed that the assessors upon receiving the list were cognizant of their powers and duties. If they had any sufficient reason to doubt the accuracy of the return, they were required in the proper performance of the functions of their office to make

any necessary inquiries as to the nature and amount of its corporate property. St. 1909, c. 490, Part I, § 46. And where inquiries are made and it appears that taxable property has been omitted, the list may be corrected, or the assessors can disregard it. *Hall v. County Commissioners,* 10 Allen, 100, 103. But as no information was asked for, the list under § 46 must be received as a true enumeration and description of the company's property, leaving only the valuation for the purposes of assessment to be estimated and fixed by the assessors. *Newburyport v. County Commissioners,* 12 Met. 211. The assessors, however, after making an appraisement of the four items returned, consisting of the real estate, "manufactured material," machinery, and horses, wagons and harnesses, added a fifth item under the designation of "all other ratable property." The assessment levied on the fifth item having been unwarranted, the petitioner for this reason alone was entitled to an abatement. *Chase v. Boston,* 193 Mass. 522, 527.

Our decision, however, may be rested upon a broader ground. By the commissioner's report, whose findings of fact were adopted as true by the parties, and therefore are final, not only was the manufactured material overvalued, for which the trial court allowed an abatement, but, the return having comprised all the taxable property of the corporation, there was an excessive or over assessment. The assessors, in their appraisal of the items in the list, properly could consider the full and fair cash value of the property for commercial purposes in view of the uses to which it had been adapted. *Tremont & Suffolk Mills v. Lowell,* 163 Mass. 283. *Gloucester Water Supply Co. v. Gloucester,* 179 Mass. 365. But, after this had been done, the entire taxable estate as a whole had been covered by the valuation for assessment of the component parts, and the petitioner's land, buildings, machinery and stock, whether raw, wrought, or in process, with the horses and harnesses, could not be combined as a going business enterprise, or as a money producing instrumentality, and treated as a taxable unit. *Blackstone Manuf. Co. v. Blackstone,* 200 Mass. 82; *S. C.* 211 Mass. 14. *Troy Cotton & Woolen Manufactory v. Fall River,* 167 Mass. 517. St. 1909, c. 490, Part I, §§ 3, 4, 23. The evidence offered by the respondent, that under the designation of "all other ratable property" the assessors intended to make, and relied upon this distinction in fixing their valuation, was rightly excluded,

and its request, that the town should be credited with the tax levied upon the amount shown by this item, could not have been given.

*Exceptions overruled.*