OLD COLONY TRUST COMPANY *vs.* COMMONWEALTH.
LAWRENCE TRUST COMPANY *vs.* SAME.
DORCHESTER TRUST COMPANY *vs.* SAME.

Suffolk.    January 15, 1915. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Statute,* Construction.  *Trust Company,* Savings department.  *Tax,* Excise on savings departments of trust companies.

Where by a statute a provision of a former statute is made applicable to a new subject of legislation not contemplated when the earlier statute was passed,

such an interpretation of the application must be adopted as will work out practical results.

Under St. 1911, c. 337, which provides that the excise imposed on the savings departments of trust companies shall be imposed only on such of the deposits in such savings departments as do not exceed in amount the limits imposed upon deposits in savings banks, and St. 1909, c. 490, Part III, §§ 21–23, relating to the taxation of savings banks, the deductions from the deposits in the savings departments of trust companies which are allowed on account of investments in "tax exempt" securities are to be computed *pro rata* between the amount of the deposits of the trust companies which are subject to the excise and the amount of their deposits which are not subject to it.

For the purpose of making the *pro rata* computation mentioned above, the tax commissioner may obtain the necessary facts by inquiries addressed to the responsible officers of the trust companies, and there is nothing that requires him to base his computation merely on information contained in the sworn returns of the companies made by the proper officers.

THREE PETITIONS, filed in the Supreme Judicial Court on November 14, 16, and 18, 1914, each by a trust company maintaining a savings department, against the Commonwealth for the abatement of a tax or excise alleged to have been assessed unlawfully by the tax commissioner under St. 1909, c. 342, as amended by St. 1911, c. 337.

Each of the cases was heard by *Loring*, J., who reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

St. 1911, c. 337, is entitled "An act relative to the taxation of deposits in the savings departments of trust companies." Section 1 is as follows: "The tax imposed by section one of chapter three hundred and forty-two of the acts of the year nineteen hundred and nine shall apply only to such of the deposits therein designated as do not exceed in amount the limits imposed upon deposits in savings banks by section forty-six of chapter five hundred and ninety of the acts of the year nineteen hundred and eight and acts in amendment thereof and in addition thereto."

*G. A. Ham,* (*W. H. Taylor* with him,) for the petitioners.

*A. E. Seagrave,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J. These petitions relate to the method of assessing upon the savings departments of trust companies the excise tax required by law. The conduct of savings departments by trust companies is regulated by St. 1908, c. 520. All deposits made in such departments with the accounts relating thereto must be

kept distinct from the general business of the corporation, except that the net profits accruing may be transferred to the general funds. All such deposits must be maintained separate from other deposits and invested in accordance with laws governing the investment of deposits in savings banks. Provision first was made for a special excise tax upon this department of trust companies by St. 1909, c. 342. It was in general to be at the same rate as that exacted from savings banks. As no limit is placed upon the amount of deposit which may be received by a trust company from any single depositor, seemingly this gave an advantage to trust companies over savings banks, which are limited in this regard to a maximum of $1,000 from one depositor. It also enabled individual depositors of large amounts to evade taxation. It was enacted by St. 1911, c. 337, that the excise tax should be imposed only on such of these deposits as do not exceed in amounts limits permitted for deposits in savings banks. The law as to the excise tax, which is the growth of many years, thus is made applicable only to that part of the deposits in the savings departments of trust companies which corresponds with savings bank deposits in amounts from individual depositors. The savings bank law requires among other matters that investments in certain securities, which for convenience may be termed tax exempt although this is not an accurate description of them, shall be deducted from deposits before computing the excise tax. St. 1909, c. 490, Part III, §§ 21 to 23. The precise question is how these exemptions are to be applied to the savings department branch of the business of trust companies. It is the contention of the petitioners that all tax exempt investments made in connection with their savings departments shall be deducted from the portion of the savings department deposits subject to the excise tax, while the Commonwealth contends that only such proportion of these tax exempt investments is to be deducted as the deposits in the savings department which are subject to the excise tax bear to the total deposits in the savings department.

It is obvious that difficulty arises in applying the same law to dissimilar objects of taxation. No trouble is met in applying the law to savings banks. It was designed for them. But the savings departments of trust companies are unlike savings banks in material respects. The entire body of deposits in the savings bank

is subject to the excise, while only a part of the deposits in the trust company savings department is so subject. No provision is made for a separation in investment of that part of the trust company savings department deposits which is subject to the excise tax from that part which is not so subject. Indeed, such separation is prohibited by implication by that clause of St. 1908, c. 520, § 3, which requires all "deposits and the investments or loans thereof" to be appropriated solely to the security and payment of all such deposits. There could not well be an actual binding division in the face of this provision. There could be in truth no such division as is contended for by the petitioners as applied to the Old Colony Trust Company, for its tax exempt investments exceed in amount its deposits belonging to the savings bank class. No savings department in fact could exist separately where all its deposits were permanently invested in tax exempt securities without any cash on hand with which to meet demands for withdrawals. Presumably the proportion of the deposits of the savings departments of trust companies, which is invested in tax exempt securities, in the exercise of sound financial judgment is based on the total of all such deposits rather than on that part of the deposits which is subject to the excise tax. That is what would naturally be expected, and the records in the present petitions tend to confirm that inference. An interpretation of an old law, when it is applied to a new object of taxation for which it was not exactly designed, must be made so as to work out practical results in a reasonable manner. Plainly it was the purpose of the Legislature in enacting St. 1911, c. 337, to put the savings departments of trust companies on an equality with savings banks so far as possible in the matter of excise tax. That act is not susceptible of the interpretation that it was deliberately intended to give the trust companies the advantage of deducting from their taxable deposits an amount of tax exempt investments disproportionately large as compared with those deposits, investments which were purchased in part at least because of the other deposits not permissible to savings banks.

The rational interpretation of the savings bank tax law as applied to the deposits in the savings departments of trust companies is to prorate the deductions allowed between the portion of their deposits which is subject to the excise and that portion

not subject to it. That is the method by which the trust companies will in this regard be put on an equality with savings banks.

It follows from what has been said that St. 1908, c. 520, neither recognizes nor authorizes, but in substance inhibits, the segregation by savings departments of trust companies of deposits in excess of $1,000 each from those of that sum and under, and hence that such segregation of investments cannot be made. The Dorchester Trust Company, which as a matter of bookkeeping has made such division, stands on the same footing as the others in this regard.

No mention was made in the return of the Old Colony Trust Company and of the Dorchester Trust Company of the total deposits in their several savings departments, but the return gave only the total of those deposits each of $1,000 and less and omitted any reference to the total of those over $1,000 each. These returns were made under oath by the proper officers. Thereafter the tax commissioner on inquiry received a letter from each company, not under oath, stating the amount of the deposits of over $1,000 in the savings department, and used this information in dividing proportionally the tax exempt investments between the amounts of all deposits over $1,000 and all other deposits. It is contended by the petitioners that the only source of information which the tax commissioner lawfully may use in assessing this excise tax is the sworn return. They rely upon cases like *Hall* v. *County Commissioners*, 10 Allen, 100, *Chase* v. *Boston*, 193 Mass. 522, and *National Fireproofing Co.* v. *Revere*, 217 Mass. 63, in support of this contention. Those cases arose under statutes similar in terms to St. 1909, c. 490, Part I, § 46, which expressly provides that the return for local taxation shall be accepted as true under certain conditions. No similar provision is to be found in the sections of the excise tax return law here material. There is nothing to prevent the tax commissioner from ascertaining the truth by inquiry from the responsible officers of the trust companies. Moreover, the information thus acquired by him in the cases at bar was not in contradiction but in explanation of the return already filed. No contention is made that the facts were not ascertained and used in making the assessment, nor that the result was not true, if the basis of assessment was sound. There was no invalidity in the manner of assessing the excise.

The result is that each petition must be dismissed with costs, and it is

*So ordered.*