CASSIUS D. PHELPS *vs.* JAMES E. CREED & another.
SAME *vs.* CHARLES S. DAVISON & another.

Berkshire. September 10, 1918. — October 19, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Amendment, Bill. *Tax,* Sale for non-payment. *Equity Jurisdiction,* To remove cloud from title.

A judge of the Superior Court has authority to allow the plaintiff in a suit in equity to redeem land from a tax sale to amend his bill into a bill to remove from the plaintiff's title a cloud created by a void tax sale or, if such tax sale shall be held to be good, to redeem from it. Prayers for such alternative relief properly may be joined in one bill.

Under R. L. c. 13, § 38, (now St. 1909, c. 490, Part II, § 39,) which provides that, "The collector shall give notice of the time and place of sale of land for pay-

ment of taxes by publication thereof. Such notice so published shall contain a substantially accurate description of the several rights, lots, or divisions of the land to be sold, the amount of the tax assessed on each, and the names of all owners known to the collector," a sale by a collector of taxes of two lots of land one mile apart for a lump sum and his conveyance of them by one deed stating the balance due for taxes in each of the successive years on the two lots together, where the notice of the sale did not give the amount of the tax assessed on each lot for either of the years in question or the amount of unpaid taxes on each lot for either of those years, are absolutely void, and a bill in equity may be maintained by the owner of the two lots of land to set aside the tax deed as a cloud upon his title.

What effect, if any, St. 1915, c. 237, had on bills to redeem from lawful sales for non-payment of taxes which were pending when that statute took effect, here was mentioned as a question which did not arise in the present case, where a tax sale was set aside as unlawful.

TWO BILLS IN EQUITY, filed in the Superior Court on November 16, 1912, by the owner of two parcels of land in Williamstown against different defendants, to redeem such parcels from certain tax sales mentioned in the opinion, and amended, against the defendants' objections, on December 1, 1915, and September 20, 1915, by substituting bills to remove clouds from the plaintiff's title by setting aside the tax sales, with prayers for alternative relief as on bills to redeem, if the court should determine that the tax sales were valid.

The two cases were referred to a master and were heard by him together. The master filed a report, which contained the findings that are stated in the opinion. The defendants filed exceptions to the master's report, raising the questions which are discussed in the opinion. The exceptions and also a motion of the defendants to recommit the report to the master were argued before *Lawton,* J., who made an interlocutory decree denying the motion to recommit, overruling the exceptions and ordering that the master's report be confirmed. Later by order of the judge a final decree was entered in each case declaring the tax sales to be void and ordering the defendants to execute quitclaim deeds to the plaintiff of the respective parcels of land with costs to the plaintiff. The defendants appealed.

*C. H. Wright,* for the defendants.

*J. M. Rosenthal,* (*W. A. Burns & J. B. Cummings* with him,) for the plaintiff.

PIERCE, J. These are two bills in equity to remove a cloud alleged to rest on the title of the plaintiff to two distinct parcels

of land, or, in the alternative, to redeem the same parcels, sold with other land for the non-payment of taxes assessed to George L. Phelps for the years 1905 and 1906 to the defendant Temple, who in March, 1909, executed and delivered to the defendant Creed a deed of the parcel described as the "Mountain Wood Lot" and in March, 1910, executed and delivered to the defendant Davison a deed of the parcel known as the "Sherman Farm."

The original bills were filed November 16, 1912, and were wholly bills to redeem. Notwithstanding the objections of the defendants (1) "That the plaintiff has no right to convert an original bill by amendment or otherwise, into a bill to remove cloud from title or to redeem;" (2) "That the petition of the defendant Davison in the Land Court for the purpose of registering his title . . . deprived this court of jurisdiction;" and (3) "That a bill to remove cloud from title cannot be joined with a bill in equity to redeem from tax sale," the bills were changed to their existent form by amendments allowed by a judge of the Superior Court in 1915 at the dates mentioned on page 229.

It is plain that the judge of the Superior Court in the exercise of his discretion had authority to allow any change in the form of relief prayed for which the court had authority to grant in the same cause of action. *Downey* v. *Lancy*, 178 Mass. 465. It is equally clear that there was no error in the joinder of two distinct specific grounds for equitable relief in one suit, *Garden Cemetery Corp.* v. *Baker*, 218 Mass. 339, 342, and that the plaintiff is not precluded by laches from maintaining these bills for the purpose of having the tax deeds declared void as a cloud upon his title. There is no evidence of title in the defendants acquired by adverse possession. *Tobin* v. *Gillespie*, 152 Mass. 219.

The facts as found by the master, upon which the plaintiff rests his contention that the tax sale to Temple was void, succinctly stated are as follows: The duly elected and qualified assessors of the town of Williamstown in 1905 and 1906 lawfully assessed to George L. Phelps a tax on two parcels of real estate, — one the "Farm" and the other the "Mountain Lot," — each being assessed separately each year. The total amount of all taxes, real, personal and poll, due the town of Williamstown from the said George L. Phelps for the year 1905, amounted to $50.41. On or before March 1, 1906, $35.41 had been paid, leav-

ing a balance due of $15. The total amount assessed to George L. Phelps on his real estate in 1906 was $45.82, and none of the taxes for the year 1906 had been paid when the lands were sold. On February 5, 1907, Sumner I. Prindle, the duly elected and qualified tax collector of the town of Williamstown, sent by mail, prepaid, to George L. Phelps a demand for payment of the balance of taxes for 1905, $15, and taxes for 1906, $45.82, which demand did not identify each parcel or give the amount of taxes assessed or due on each for either year. On February 22, 1907, the collector posted and published a notice of the sale. This notice "contained a substantially accurate description of two separate, distinct and non-contiguous parcels of real estate at least one mile distant from each other," namely, the parcels in question, but did not give the amount of the tax assessed on each parcel for the year 1905 and for the year 1906 or the amount of unpaid taxes on each parcel for either of those years, merely stating as follows: "the years of the taxation are 1905, balance due fifteen dollars ($15.00) and 1906 the amount due $45.82." On March 30, 1907, the collector made no attempt to sell each parcel separately, but attempted to sell and did purport to sell at tax sale for the non-payment of taxes, at one sale, by one deed, for one price, namely, $90, the two parcels described in his notice to the defendant Temple, and on the same day executed and delivered, as such collector, to Temple a tax deed of both. The deed did not state the amount paid at the sale of each parcel, the full amount of taxes assessed in the year 1905, or 1906, on each parcel, or the amount of unpaid taxes on each parcel for these years; but merely described the taxes as "balance due fifteen dollars ($15.00), for the year 1905, and for the year 1906 . . . the sum of $45.82."

R. L. c. 13, § 38, (St. 1909, c. 490, Part II, § 39,) reads: "The collector shall give notice of the time and place of sale of land for payment of taxes by publication thereof. Such notice so published shall contain a substantially accurate description of the several rights, lots, or divisions of the land to be sold, the amount of the tax assessed on each, and the names of all owners known to the collector." The notice as published did not contain the amount of tax assessed on each parcel of land; and the precise question presented for decision is whether such omission causes the deed to be void, or merely irregular and defective.

It has long been held that separate and distinct parcels of real estate belonging to the same owner must be separately valued and assessed, and that no lien on any parcel is created or can be enforced by a sale for any other tax than that which was lawfully assessed upon it. *Hayden* v. *Foster*, 13 Pick. 492. *Hamilton Manuf. Co.* v. *Lowell*, 185 Mass. 114, 117. *Lancy* v. *Boston*, 186 Mass. 128, 133. In the case at bar the books of the assessors show the valuation of the specific parcels, the total tax upon both parcels, and by inference, the rate per cent at which the tax is assessed. The lien thus created on each parcel was computable and ascertainable, and no insuperable difficulty prevented the collector from stating in the notice the amount of the tax assessed on each parcel or from selling each parcel for a sum sufficient to pay the tax on that parcel. We think the failure to give notice in accordance with the statute, and the sale of the several parcels for a lump sum in excess of the lien upon any specific parcel were without authority of law. It follows that the deed was not merely irregular, or defective, but was absolutely void in its inception. *Charland* v. *Home for Aged Women*, 204 Mass. 563, 567. *Fuller* v. *Fuller*, 228 Mass. 441, 444.

It becomes unnecessary to determine the effect, if any, of St. 1915, c. 237, upon pending bills to redeem from lawful sales for non-payment of taxes.

None of the exceptions have been argued specifically, and, save as they are involved in the appeals from the final decrees, are treated as waived.

In each case the plaintiff is entitled to relief in equity, and the decrees are affirmed with costs of the appeal.

*So ordered.*