COLLECTOR OF TAXES OF THE CITY OF BOSTON *vs.* REVERE BUILDING, INC. & others.

Suffolk. May 18, 1931. — September 11, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Eminent Domain. Mortgage,* Of real estate. *Tax,* Collection. *Equity Jurisdiction,* Suit by collector of taxes. *Statute,* Construction.

It *was stated* that a lien for taxes upon land is purely statutory and does not arise by contract, express or implied; and that it is extinguished by a taking of the land by eminent domain by the taxing municipality and does not attach to the right to receive compensation for the taking.

Where, after the taking of a parcel of land by eminent domain by a municipality, it appears that under G. L. c. 79, §§ 32, 33, a mortgagee of the parcel, as between himself and the owner thereof, is entitled to the entire compensation payable by the municipality by reason of the taking, G. L. c. 60, § 35, does not enable the collector of taxes of the municipality to maintain proceedings to extend to such compensation the lien for unpaid taxes existing upon the parcel previous to the taking.

BILL IN EQUITY, filed in the Superior Court on April 28, 1930, against Revere Building, Inc., The National Shaw-

mut Bank of Boston, Leverett A. Haskell, the city of Boston and Edmund L. Dolan, treasurer of the city of Boston.

The bill contained allegations that the defendant Haskell was holder of a second mortgage upon the land owned by the defendant Revere Building, Inc. Other material portions of the bill are described in the opinion. The defendants Revere Building, Inc., The National Shawmut Bank of Boston and Haskell demurred. The demurrers were heard by *Gibbs*, J., and were sustained. A final decree dismissing the bill was entered by order of *Gray*, J. The plaintiff appealed.

*P. Nichols*, for the plaintiff.

*W. H. Hitchcock*, for the defendant The National Shawmut Bank of Boston.

RUGG, C.J. The collector of taxes of Boston seeks by this suit to collect taxes, assessed upon the defendant, the Revere Building, Inc., as owner of certain real estate for the years 1926, 1927, and 1928, by charging the amount of the taxes against compensation due from the city of Boston on account of the taking by eminent domain of the same real estate. These taxes were duly committed to the plaintiff for collection, notices given and demand made, but they remain unpaid. In 1925 the Revere Building, Inc. executed a first mortgage on this real estate which was assigned to and is now owned by the defendant National Shawmut Bank. In December, 1928, the city of Boston took this real estate in fee by eminent domain. The Revere Building, Inc. being dissatisfied with the compensation awarded filed a petition in court under G. L. c. 79 for determination of the compensation to which it was entitled. The defendant National Shawmut Bank as mortgagee intervened as a party petitioner in that proceeding. The jury returned a verdict against the city of Boston wholly in favor of the National Shawmut Bank as holder of the first mortgage on account of the principal and unpaid arrears of interest then due. The defendant Revere Building, Inc. has no property that can be attached and no means of paying the taxes.

The several defendants demurred to the bill. Hence the

allegations of the bill must be taken as true. The demurrers were sustained by interlocutory decrees and a final decree was entered dismissing the bill. The plaintiff's appeal brings the case here. The issue is whether the statutory lien to secure the payment of taxes assessed on real estate can be extended so as to attach to an award for compensation for the taking by eminent domain of that real estate when the award is payable wholly to a mortgagee.

It is provided by G. L. c. 79, §§ 32, 33, that when property subject to a mortgage is taken by eminent domain the mortgagee may become a party to proceedings to assess compensation therefor and that a separate judgment is to be entered for such mortgagee for the satisfaction of his mortgage debt. The National Shawmut Bank therefore was properly a party and entitled as between itself and the Revere Building, Inc. to the entire amount awarded as compensation for the taking. *Bates* v. *Boston Elevated Railway,* 187 Mass. 328, 337–338.

A tax upon real estate is primarily a pecuniary imposition upon the owner. The lien upon the real estate is simply a security established by statute of which the tax collector may avail himself in default of payment. Apart from statute no such lien exists. The lien thus created by the statute is upon the land itself, not upon interest of the person assessed. The purpose of granting the lien is to allow the land to be taken or sold for nonpayment of taxes. *Dunham* v. *Lowell,* 200 Mass. 468. *Donovan* v. *Haverhill,* 247 Mass. 69, 71. *Abbott* v. *Frost,* 185 Mass. 398, 400. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477. It was said by Hammond, J., in *Curtiss* v. *Sheffield,* 213 Mass. 239, 244: "The tax lien must be commensurate with the tax; it covers the thing for which the tax is assessed and it covers nothing else." A tax on real estate in its nature is not a debt but a monetary burden for the support of government laid upon the owner and secured by lien upon the real estate. It does not arise out of contract, express or implied; it operates *in invitum.* The consent of the owner is not required. *Boston* v. *Turner,* 201 Mass.

190, 193. It was said in *Richardson* v. *Boston*, 148 Mass. 508, 509, touching the effect of the exercise of eminent domain on the real estate assessed, "The taking, of course, put an end to the city's lien upon the land, and to its right to sell it." It is a familiar principle that laws for the assessment and collection of taxes are to be strictly construed and that all doubts are resolved in favor of the taxpayer. If the right asserted in behalf of the tax or its collection is not clear, it must be denied; it must appear plainly from the words of the statute and cannot be sustained as within its spirit. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40, 41. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530. *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338, 340. The history of our tax laws shows that it was not the intention of the Legislature to extend the lien upon real estate established to secure the payment of the tax assessed thereon to other property of a different nature. The title of the owner of the real estate in question was extinguished by the taking under eminent domain. A superior power intervened and seized the complete title. *Glazier* v. *Everett*, 224 Mass. 184, 188–189. If it had been the purpose of the General Court to continue the lien for taxes and have it attach to the right to compensation which was substituted for the land, words to express that purpose would have been in the statute. They cannot be inserted by the court.

The present proceeding is brought under G. L. c. 60, § 35, whereby a collector of taxes is allowed to "maintain an action in his own name against the person assessed therefor in the same manner as for his own debt." The plaintiff invokes the equity powers of the court to transfer the lien which existed on the land to the award for compensation which has taken its place. He urges the general principle that when a lien has been acquired by virtue of the acts of parties or the enforcement of legal rights in equity the lienor may follow the fund into which the thing originally subject to the lien has been converted. That principle is illustrated by many decisions. *Wiggin* v. *Heywood*, 118 Mass. 514. *Wood* v. *Westborough*, 140 Mass. 403.

*Western Union Telegraph Co.* v. *Caldwell,* 141 Mass. 489. *Worcester* v. *Boston,* 179 Mass. 41. *LaCentra* v. *Jackson,* 245 Mass. 14. That principle is inapplicable to the present proceeding. The remedy given to the plaintiff by the statute is to maintain an action "against the person assessed" for the tax. He seeks to maintain his action not mainly against that person but against the National Shawmut Bank against which the tax was not assessed but which has recovered a verdict, in its own name, absorbing the entire fund. The remedy afforded by said § 35 does not stretch to cover the facts here disclosed. As already pointed out, the lien for the taxes was extinguished by the taking under eminent domain; the lien is purely statutory; it does not arise by contract express or implied. The lien as to its vitality and enforcement must depend on the statute which does not authorize a proceeding like the present. The decisions in *Felker* v. *Standard Yarn Co.* 148 Mass. 226, and *Boston* v. *Turner,* 201 Mass. 190, and similar cases where the tax collector has maintained suits to reach and apply property to satisfy a tax, do not support the plaintiff's contention.

*Interlocutory and final decrees affirmed.*