PAUL G. SHRUHAN *vs.* CITY OF REVERE.

Suffolk. April 6, 1937. — June 29, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Tax*, Assessment, Sale.

A tax assessed generally upon lots in the same block owned by the same person and applied to the same use but separated from one another by lots owned by others, did not create a lien, and a sale of the lots as a unit for a lump sum for nonpayment of the tax was void.

PETITION, filed in the Land Court on December 11, 1935, to remove a cloud on title to land.

The case was heard by *Corbett*, J., who ordered the entry of a decree for the petitioner. The respondent appealed.

*L. Poretsky*, Assistant City Solicitor, for the respondent.

*W. F. Porter*, (*G. H. Miller* with him,) for the petitioner.

LUMMUS, J. Lots 17 to 24 inclusive, on a certain plan, lie in a row, each bounded by Ocean Avenue in Revere on the west and the Revere Beach Parkway on the east. They are numbered consecutively from south to north. On April 1, 1932, these lots were covered by a roller coaster built and operated as a unit by a lessee holding leases from the various owners of the lots.

Lots 19 and 21 were owned by persons who owned none of the other lots. The other six lots were owned by three trustees of a certain trust. Lot 20 was separately subject to a mortgage given by a former owner in 1901, and held on April 1, 1932, by one Chase.

The six lots numbered 17, 18, 20, 22, 23 and 24 were assessed to the trustees on April 1, 1932, as a single parcel, with a single valuation. There was no separate valuation of any lot or lots making part of the six lots assessed. On May 8, 1934, the six lots were sold as one parcel for a lump sum for nonpayment of the tax assessed April 1, 1932, and bought by the respondent city of Revere, which received a deed from the collector of taxes and now claims title.

On September 10, 1934, the petitioner bought lot 20·at a foreclosure sale under the mortgage held by Chase, and received a deed on September 26, 1934, which was duly recorded on October 2, 1934.

The petition asks that the assessment of April 1, 1932, and the tax sale thereunder be declared invalid as against the petitioner's lot numbered 20, and that the cloud resulting therefrom be removed from the petitioner's title. A decree was entered for the petitioner, and the respondent appealed.

Taxes on real estate "shall be assessed, in the town where it lies, to the person who is either the owner or in possession thereof on April first." G. L. (Ter. Ed.) c. 59, § 11. By §§ 43–46 the mode of assessment is prescribed by reference to the "blank columns, with uniform headings for a valua-

tion list" of the assessors' valuation books. These headings call for a description and separate valuation of each lot or parcel of land owned by the person assessed. "Taxes assessed upon land . . . shall with all incidental charges and fees be a lien thereon from April first in the year of assessment. . . . Said taxes, if unpaid for fourteen days after demand therefor, may, with said charges and fees, be levied by sale of the real estate, if the lien thereon has not terminated." G. L. (Ter. Ed.) c. 60, § 37.

We need not consider how far lands owned by the same person may be assessed as one parcel at a single valuation, though treated by the owner as separate but contiguous lots (*Bemis* v. *Caldwell*, 143 Mass. 299), or though divided by a road which does not preclude the use of the lands as a unit. *Westhampton* v. *Searle*, 127 Mass. 502. Neither need we consider whether all eight lots could have been assessed as one parcel to the lessee in possession, for they were not so assessed. Here the six lots assessed to the trustees as one parcel were disconnected. They were in three groups separated by lots owned by and assessed to other persons.

"A single tax levied generally upon parcels disconnected, or sharply and distinctly divided by use, cannot be made a lien upon separate tracts. A tax must be assessed upon each before the lien can attach." *Boston Rubber Shoe Co.* v. *Malden*, 216 Mass. 508, 510, and cases cited. *Lancy* v. *Boston*, 186 Mass. 128, 133. *Phelps* v. *Creed*, 231 Mass. 228, 232. That principle is decisive of the present case, for the title of the respondent depends upon a tax lien. The right to sell land for taxes rests solely upon the existence of such a lien, which is a creature of statute and not originally a feature of the collection of taxes in this Commonwealth. *Jennings* v. *Collins*, 99 Mass. 29, 32. *Richardson* v. *Boston*, 148 Mass. 508. *Rogers* v. *Gookin*, 198 Mass. 434, 437. *Dunham* v. *Lowell*, 200 Mass. 468. *Collector of Taxes of Boston* v. *Revere Building, Inc.* 276 Mass. 576, 578. Even if the assessment had been such as to create a lien, the sale made in this case of several distinct lots as one parcel for a

lump sum would have been void.  *Barnes* v. *Boardman*, 149 Mass. 106, 113.  *Phelps* v. *Creed*, 231 Mass. 228, 232.

Cases are not in point which hold as to real estate (and a similar rule is applied to personalty), that a person taxable upon some real estate in the town must resort to a petition for abatement, and cannot set up in a personal action between him and the town that he has been improperly assessed also for nontaxable real estate (*Bourne* v. *Boston*, 2 Gray, 494, and cases cited; *Richardson* v. *Boston*, 148 Mass. 508; *Schwarz* v. *Boston*, 151 Mass. 226; *Kelley* v. *Barton*, 174 Mass. 396; *Bates* v. *Sharon*, 175 Mass. 293; *All Saints Parish* v. *Brookline*, 178 Mass. 404, 410; *Lancy* v. *Boston*, 186 Mass. 128, 132; *Central National Bank* v. *Lynn*, 259 Mass. 1; *S. C.* 266 Mass. 145), nor, *a fortiori*, that he has been assessed for disconnected parcels owned by him at a single valuation covering all of them.  *Boston Water Power Co.* v. *Boston*, 9 Met. 199, 204.  *Lincoln* v. *Worcester*, 8 Cush. 55.  *Tobey* v. *Wareham*, 2 Allen, 594, 596. *Lowell* v. *County Commissioners*, 152 Mass. 372, 386, 387.

*Decree affirmed.*