CITY OF MARLBOROUGH *vs.* SUMNER L. POORVU & others.

Middlesex.    October 6, 1939. — January 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Tax*, Assessment, Sale.

The fact, that assessors carried out separately, into a column entitled "Total value of each parcel of real estate" in a book kept by them under G. L. (Ter. Ed.) c. 59, §§ 45, 46, the valuations of three contiguous parcels of land owned by the same person, required a conclu-

sion that the assessments of the three parcels were separate, although the sum of the three valuations appeared in a column entitled "Aggregate value of real estate"; and a sale of the three parcels as a unit for nonpayment of taxes so assessed was invalid.

PETITION, filed in the Land Court on December 29, 1937. From a decision by *Courtney*, J., the respondents appealed. The case was submitted on briefs.

*M. K. Berman & H. Horvitz*, for the respondents.

*J. J. Ginnetti*, City Solicitor, for the petitioner.

LUMMUS, J.   This is a petition to foreclose rights of redemption under tax titles acquired by the petitioner in 1933 through sale for nonpayment of the real estate tax for 1931 assessed to the respondent Poorvu.   G. L. (Ter. Ed.) c. 60, § 65.   St. 1938, c. 305.   Various persons claiming interests in the land appeared in opposition to the petition, and, after a decision in favor of the petitioner, appealed to this court.   *Boston* v. *Lynch*, 304 Mass. 272.   The only question argued is whether there were separate assessments of three separate parcels of land which could not lawfully be advertised, sold and conveyed by tax deed as a unit.   *Hayden* v. *Foster*, 13 Pick. 492.   *Barnes* v. *Boardman*, 149 Mass. 106.   *Phelps* v. *Creed*, 231 Mass. 228.   *Shruhan* v. *Revere*, 298 Mass. 12.

Ever since St. 1861, c. 167, the assessment books prescribed for use by the assessors have contained a column entitled "Description, by name or otherwise, of each and every lot of land owned by each person."   G. L. (Ter. Ed.) c. 59, §§ 45, 46.   The last cited statute prescribes other columns for the separate description of the several buildings on the land, their separate valuation (*Friedman* v. *S. S. Kresge Co.* 290 Mass. 114, 115), the "number of acres or feet in each lot of land," the "value of same," the "total value of each parcel of real estate," and the "aggregate value of real estate."   The provision of G. L. (Ter. Ed.) c. 60, § 37, that "taxes assessed upon land . . . shall with all incidental charges and fees be a lien thereon," implies that the lien shall cover the same unit as the assessment.   *Phelps* v. *Creed*, 231 Mass. 228, 232.   *Crocker-McElwain Co.* v. *Assessors of Holyoke*, 296 Mass. 338, 345.

There is no statutory definition of the lot or parcel of land that is the lawful unit for the creation of a tax lien. Contiguous parcels of land, though divided upon a plan for purposes of sale, may often be assessed as a unit. *Jennings* v. *Collins*, 99 Mass. 29, 31–32. *Bemis* v. *Caldwell*, 143 Mass. 299, 300. *Lowell* v. *County Commissioners of Middlesex*, 152 Mass. 372, 386–387. *Whitney* v. *Tax Commissioner*, 234 Mass. 188, 191. *Shruhan* v. *Revere*, 298 Mass. 12. Compare *Westhampton* v. *Searle*, 127 Mass. 502, 506; *Sullivan* v. *Boston*, 198 Mass. 119, 123; *Bordier* v. *Davis*, 239 Mass. 448, 457. In mechanics' lien cases, under a statute giving a lien upon the "lot of land" (see G. L. [Ter. Ed.] c. 254, §§ 1, 2), a large tract containing several buildings and divided into lots on a plan, could be found to be a single lot. *Batchelder* v. *Rand*, 117 Mass. 176. *Orr* v. *Fuller*, 172 Mass. 597. *Pollock* v. *Morrison*, 176 Mass. 83. *Donnelly* v. *Butler*, 216 Mass. 41. *Scholl* v. *Fleischer*, 251 Mass. 451. See also *Trustees of Boston University* v. *Commonwealth*, 286 Mass. 57, 62–64.

In *Cotton* v. *Lexington*, 261 Mass. 169, a farm of twenty-two acres with a house and barn was divided by the assessors into three parts for the purpose of computation of the value, but in the column of their books entitled "Total value of each parcel of real estate" appeared only a single amount which was the sum of the values attributed to the three parts. It was held (pages 173, 174) that the valuation of the three parts "was done not by way of division, but for the purpose of a valuation of the farm to be determined as a whole," and that the farm was properly assessed as a unit. See also *Westhampton* v. *Searle*, 127 Mass. 502, 506.

In the present case, the three parcels into which the assessors divided the tract for purposes of valuation were contiguous and owned by the same person. So far as appears they might have been treated as a unit for the purpose of taxation. The judge in the Land Court found that "the parcels were not treated or assessed as separate units but were considered as forming portions of one parcel. The aggregate result accordingly was the assessment of a

single unit and the preliminary computations on which the conclusion rested was [*sic*] for the purpose of furnishing full information of the method by which it was reached." But the extracts from the assessors' books, which are included in the decision, negative that finding. The valuations of the three parcels into which the tract was divided were carried out separately in the column entitled "Total value of each parcel of real estate." That distinguishes this case from *Cotton* v. *Lexington*, 261 Mass. 169. The fact that the sum of those valuations appeared in the column entitled "Aggregate value of real estate," showed merely that the same owner was taxed for no other parcel in the city, and did not indicate an assessment upon the three parcels as a unit. We think that the assessments upon the three parcels were separate, and that all three parcels could not lawfully be sold as a unit, as they were, for nonpayment of taxes. There was no evidence, as far as appears, that the irregularity was "neither substantial nor misleading," within G. L. (Ter. Ed.) c. 60, § 37. *Fall River* v. *Conanicut Mills*, 294 Mass. 98.

*Decision reversed.*
*Petition dismissed.*