PUERTO RICO AQUEDUCT AND SEWER SERVICE, Appellant, v.
REGISTRAR OF RÍO PIEDRAS, Respondent.

No. 1238.    Submitted January 10, 1949.—Decided July 6, 1949.

*Miguel Parga* and *Manuel A. Bustelo* for appellant.    The Registrar appeared by brief.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

The Aqueduct Service of Puerto Rico instituted in the District Court of San Juan a condemnation proceeding against the Heirs of José Santana to acquire a lot of an area of 339.26 square meters located in Hato Rey, Municipality of Río Piedras, with the following boundaries, as set forth in the description of the lot: on the North, Quintana Street; on the South, the Aqueduct Service of Puerto Rico, and on the East and West, the main property of which it was once a part, owned by Mr. José Santana. The People of Puerto Rico "and all persons who have or claim any right or interest in the property subject matter of this proceeding, and that are designated as John Doe and Richard Roe," were also included as defendants. It was stated in the complaint that the lot involved in the condemnation proceeding was recorded in the Registry of Property of Río Piedras with an area of 297.50 square meters but that "in accordance with the survey recently made on the grounds, it appears that same [the lot] has a total area of 339.26 square meters."

Defendants answered accepting the allegations of the complaint and requested that the court sustain it, as they would accept the amount of $5,000 offered to them by plaintiff, and originally rejected, as compensation for the property.

The People of Puerto Rico appeared and claimed a property tax indebtedness amounting to $106.48. No other person appeared in the proceeding to claim any right or interest in the property, notwithstanding the publication of edicts made in compliance with an order of the court.

After the sum of $5,000 was deposited in the office of the clerk of the lower court, in accordance with the pleadings and with the acceptance of defendants, judgment was rendered sustaining the complaint and ordering the Registrar of Property of Río Piedras to record in said registry in

favor of the plaintiff the property involved in the condemnation proceeding.

A certified copy of the judgment was presented at the Registry of Property of Río Piedras and the registrar recorded the lot with regard to the area as it appeared in the registry but refused to record it as to the additional amount, with the following notation:

"This document is recorded only as to the 297.50 square meters which appear in the registry as the area of said lot at folio 66 reverse of volume 168 of Río Piedras, property No. 871, Fourth inscription of ownership, and denied as to 41.76 square meters which is the difference between the area appearing in the registry and that of 339.26 square meters with which the property appears in this document, and said difference not appearing recorded in the name of any person, a cautionary notice of 120 days has been entered instead in accordance with the law. This property appears free of encumbrances. Río Piedras, June 25, 1948."

The Aqueduct Service of Puerto Rico has appealed from this ruling requesting its reversal as to the refusal of the registrar to record the difference between the area of the lot appearing in the judgment and the one appearing in the registry.

█ Appellant contends that in accordance with the decision of this Court in previous appeals [1] construing § 18 of the Mortgage Law, the registrar had no faculty to refuse to record the condemned property as having the total area described in the judgment; and that in so doing he interfered with the findings of fact of the lower court, which he is prohibited from doing by said Section of the Mortgage Law. Moreover, it contends that if in passing on the judg-

---

[1] *Ramos* v. *Registrar*, 16 P.R.R. 57; *Ramírez* v. *Registrar*, 16 P.R.R. 330; *Hernández* v. *Registrar*, 16 P.R.R. 440; *Inchausti* v. *Registrar*, 17 P.R.R. 566; *Medina* v. *Registrar*, 19 P.R.R. 964; *Alvarez et al.* v. *Registrar*, 24 P.R.R. 400; *Cintrón* v. *Registrar*, 35 P.R.R. 737; *Heirs of Estrella* v. *Registrar*, 41 P.R.R. 751; and *González Clemente (J) & Co.* v. *Registrar*, 42 P.R.R. 692.

ment presented for registration the registrar had found from its face that the court lacked jurisdiction (*Zayas et al.* v. *Registrar*, 36 P.R.R. 705) or that some jurisdictional requirement of the statute had not been complied with (*Vivaldi & Arbona* v. *Registrar*, 36 P.R.R. 496; *Caballero et al.* v. *Registrar*, 35 P.R.R. 564)˙ or that the persons who according to the registry were the owners or had any interest in the real property subject of the condemnation proceeding had not been duly notified of the proceeding instituted (*Banco Comercial de P. R.* v. *Registrar*, 24 P.R.R. 664; *Ortiz* v. *Registrar*, 22 P.R.R. 316) then the Registrar could have refused to record the real property. The position it takes is that in the instant case the refusal of the Registrar does not fall within any of these circumstances and that therefore his ruling should be reversed as to the excess in area.

The Registrar contends, on other hand, that since the 41.76 square meters constituting the difference between the area of the real property according to the registry and that shown by the judgment, did not appear recorded in favor of the defendants in the condemnation proceeding nor in favor of any other person, said registration could not be made as to the excess, in accordance with the decision of this Court in *American Railroad Co. of Porto Rico* v. *Registrar*, 14 P.R.R. 705; that, furthermore, the registration could not be made because the certificate of survey which would show that the adjoining landowners had been summoned prior to the making of the survey had not been attached to the copy of the judgment; that in the registry there appeared as adjoining landowners persons other than those appearing in the description of the property made in the judgment, and that the inclusion of John Doe and Richard Roe as defendants in the condemnation proceeding did not fulfill the requirement of previous notice to those appearing from the registry as adjacent landowners.

We have decided that a difference between the area stated in a deed presented for registration and that appearing

in the registry, not exceeding 20 per cent of the area recorded, may be recorded without the need of resorting to a dominion title proceeding; but for this to be done it is necessary to follow the procedure established by adjudged cases, that is, by making a survey with notice to the adjacent owners and verifying the survey as well as the notice, and attaching to the deed a certificate of the surveyor to that effect. *Land Authority* v. *Registrar*, 62 P.R.R. 483, and cases cited therein; *Estrada* v. *Registrar*, 65 P.R.R. 909; *Pérez* v. *Registrar*, 67 P.R.R. 907. However, the situation varies when we are dealing with titles that are vested in the People of Puerto Rico or its agencies or instrumentalities in the exercise of the power of eminent domain of the State through condemnation proceedings.

■ Section 20 of the Mortgage Law [2] invoked by the respondent Registrar establishes the requirement of a pre-

---

[2] Art. 20 provides: "In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.

"Registrars shall refuse to admit to record such deeds until this requisite shall have been complied with, and they shall be directly responsible for any damage they may cause a third person by the violation of this provision.

"Nevertheless, they may record without this requisite all deeds executed by persons who may have acquired an interest in said property before the date on which the Mortgage Law became effective, provided they establish their title by authentic documents, and that the same interest is not recorded in favor of any other person; but the record requested shall set forth the essential circumstances of such acquisition, which shall be taken from the documents necessary for this purpose.

"If such interest is recorded in favor of a person other than the one making the conveyance or placing the encumbrance, registrars shall deny the record requested.

"If such interest is not recorded in favor of any person whatsoever, and it should not be established either that the grantor acquired it prior to the said date, registrars shall enter a cautionary notice upon the request of the person interested which shall be effective during the term stated in article 96 of this law." (Section 96 of the Mortgage Law has been repealed.) Compilation of the Revised Statutes and Codes of Porto Rico, 1911 ed.

vious registration in favor of the person who makes or in whose name the *conveyance* or *encumbrance* of real property or property rights is made, in order that the registration or entry of deeds *conveying* or *encumbering* the ownership or possession of real property be allowed. The Section is conclusive as to the requisite of a previous registration whenever there are involved deeds conveying the ownership of real property; but deeds declarative of ownership or possession in real property or property rights are not covered by the language of § 20. Morell y Terry, *Legislación Hipotecaria*, 1917 ed., Vol. 2, p. 403.

■■ Section 2 of the Mortgage Law [3] establishes the instruments that can be recorded in the registries of property. Among them are the deeds *conveying* or *declaring* the ownership of real property or of property rights therein. The title that is acquired through condemnation proceedings in the exercise of the power of *eminent domain* of the State is a new title that does not convey any right of the former

---

[3] The said § 2 provides: "The following shall be recorded in the registries mentioned in the preceding article:

"First. Deeds conveying or declaring the ownership of real property or of property rights therein.

"Second. Instruments constituting, recognizing, modifying or extinguishing rights of usufruct, use, habitation, emphyteusis, mortgages, rent charges, servitudes or any other real rights.

"Third. Acts or contracts under which real property or real rights are conveyed to a person, even though it be with the obligation of conveying the same to another or of applying the value thereof to specific objects.

"Fourth. Final judgment declaring legal incapacity to administrate, or the presumption of death of absentees, imposing a penalty of interdiction or any other penalty affecting the civil capacity of persons as to the free disposition of their property.

"Fifth. Contracts for the lease of real property for a term exceeding six years, or contracts under which rental for three or more years has been paid in advance, or contracts which do not have either of these conditions, but contain a special agreement between the parties that they be recorded.

"Sixth. Deeds of acquisition of real property and real rights possessed or administered by the State, or by civil or ecclesiastical corporations subject to the provisions of laws or regulations." Compilation of the Revised Statutes and Codes of P. R., 1911 ed.

owners or persons having an interest in the real property involved in the condemnation proceeding, but one that declares that the condemnor acquires a new title, absolute against all the world, and cancels and extinguishes all the rights which third persons might have on the condemned property. *Duckett & Co.* v. *U. S.* (1924), 266 U. S. 149, 69 L. ed. 216; *Emery* v. *Boston Terminal Co.*, 178 *Mass.* 172, 59 N. E. 763.

The reason for the rule that title acquired by condemnation is not one *derived* from the title of the former holder but a new and independent one is that the condemnation proceeding is directed against the real property itself—*in rem.* Consequently, the title of the former holder is extinguished and a new title is vested in the condemnor. *Johnson, Collector of Taxes* v. *Revere Building*, 276 Mass. 576, 177 N. E. 577, 79 A.L.R. 112, 115. This being so, the title vested in The People of Puerto Rico or any of its agencies or instrumentalities in a condemnation proceeding is recordable even though the real property involved in the condemnation may not appear previously recorded in the registry of property in favor of the defendants in said proceeding. The Government, in the exercise of its power of eminent domain, takes a different position from that of a voluntary purchaser since, as we have already stated, the condemnation is directed to the real property itself and not to the title. *United States* v. *19.86 Acres of Land* (C.C.A. 7), 141 Fed. 2d 344.

This Court in *American Railroad Co. of Porto Rico* v. *Registrar, supra,* affirming a decision of the Registrar of Property of Aguadilla refusing to record a title of ownership in a condemnation proceeding, held that in the registration of titles of ownership granted by a court in condemnation proceedings the absolute provisions of § 20 of the Mortgage Law should be adhered to since said Section had not been repealed by § 9 of the Eminent Domain Act of March 12, 1903 and that inasmuch as the condemned property did

not appear previously recorded in the names of the defendants in the condemnation proceeding, the Registrar acted correctly in refusing to record the document presented to him.

Since we consider that the rule laid down in said case is erroneous, not only in the light of the provisions of the Mortgage Law but also under the principles relating to the power of the State to acquire through condemnation proceedings, said decision is overruled.

For the reasons stated, the ruling appealed from should be reversed and the registration of the real property with the entire area as it appears in the judgment in the condemnation proceeding is ordered.