*H. P. Moulton, R. D. Trask & J. H. Pearl,* for the respondents.

───────

HAMILTON MANUFACTURING COMPANY *vs.* CITY OF LOWELL. APPLETON COMPANY *vs.* SAME.

Middlesex.    January 12, 1904. — February 25, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Tax.    Corporation.*

Under Pub. Sts. c. 11, § 53, (R. L. c. 12, §§ 58, 59,) the machinery of a manufacturing corporation is to be taxed as personal property, and must be valued separately from the land and buildings of the corporation.  If the land and buildings are overvalued, the corporation is entitled to an abatement, whether the land, buildings and machinery taken together are overvalued or not.

A manufacturing corporation maintaining a wall of one of its mill buildings on land within the location of a railroad company outside the limits of the route of the railroad, by permission of the railroad company and of the owner of the fee of the land, is not taxable for the land so used by it.

Two PETITIONS to the Superior Court, filed September 27, 1900, and amended March 4, 1903, under St. 1890, c. 127, (R. L. c. 12, §§ 78–81,) appealing from decisions of the assessors for the city of Lowell refusing to abate certain taxes imposed upon the respective petitioners in the year 1899.

In the Superior Court the cases were heard together by *Mason*, C. J., without a jury. At the close of the hearing the respondent requested the judge to rule:

" 2. The petitioners, not having introduced or offered any evidence of the value of the machinery, have not shown that the mill yards, including buildings and machinery therein, were overvalued, and said petitioners have not shown that they are aggrieved by the assessors' valuation in such mill yard.

" 3. The land, buildings and machinery in the mill yards are all parts of one parcel, and unless such parcel taken as a whole has been overvalued by the assessors the petitioners are not entitled to an abatement, even though the land or buildings, or both, were overvalued.

" 4. On all the evidence, the land included within the alleged railroad location is taxable to the Hamilton Manufacturing Company."

The judge refused to make any of these rulings.

Upon the matter referred to in the request last above quoted, numbered 4, there was a statement of agreed facts, by which it appeared, that there was included in the assessment of the mill yard of the Hamilton Manufacturing Company about thirteen thousand square feet of land, the fee of which was in the Proprietors of the Locks and Canals, and which was within the location filed by the Boston and Lowell Railroad Company for the portion of its road which was used only to carry goods and merchandise to and from the mills of the Hamilton Manufacturing Company; that on a portion of this land the last named company maintained a wall which furnished a partial support for one of its mill buildings which extended on an arch over a part of the location and track of the railroad company; that

the use of this land by the manufacturing company, under certain indentures, was authorized by the railroad company, and was assented to by the Proprietors of the Locks and Canals so long as the railroad company retained its location there.* It was contended by the respondent, that this land within the railroad location properly could be assessed to the Hamilton Manufacturing Company as in its possession within the meaning of Pub. Sts. c. 11, § 13, (R. L. c. 12, § 15.) The judge ruled that upon the agreed facts the Hamilton Manufacturing Company was not taxable for the land within the railroad location.

The judge found that, on the first petition, the tax of the Hamilton Manufacturing Company should be abated in the sum of $5,293.80, and that, on the second petition, the tax of the Appleton Company should be abated in the sum of $960.49. The respondent alleged exceptions in both cases.

*W. A. Hogan,* for the respondent.

*F. E. Dunbar,* for the petitioners.

KNOWLTON, C. J. These are petitions to the Superior Court in the nature of appeals from decisions of the assessors denying to each of the petitioners an abatement of its taxes upon real estate. The petitioners are manufacturing corporations; and the respondent contended as to each petitioner that its land, buildings and machinery in the mill yard, were all parts of one parcel, con-

---

* By indenture of June 29, 1888, the railroad company authorized the Hamilton Manufacturing Company "to maintain and keep the walls and buildings and arch already existing over a portion of said strip and over the track of said Lowell railroad thereon as the same are now built and constructed, and further authorize and empower the said manufacturing company to extend walls and buildings of substantially the same construction with an arch not less than eighteen (18) feet in height above said railroad tracks over the remainder of said strip, . . . so long only as the same shall be used by said manufacturing company, its successors or assigns, for purposes substantially similar to those for which the said manufacturing company now uses them."

The Proprietors of the Locks and Canals in an indenture of August 31, 1888, assented to the above named indenture of June 29, 1888, subject to the proviso that nothing therein "shall give or convey unto or vest in said Hamilton Manufacturing Company any estate, easement or right in said strip of land for or during any other or longer time or term than the term for which said land was leased to said railroad corporation in or by the lease of said proprietors above-named" [a lease to the railroad company dated July 14, 1843].

stituting a single unit for taxation, and that the petitioner is not entitled to an abatement unless the parcel taken as a whole was overvalued, even though there was an overvaluation of the land, or buildings, or both.

Under our statutes and decisions, real estate and personal estate are two distinct classes of property for the purpose of taxation. *Preston* v. *Boston*, 12 Pick. 7. *Howe* v. *Boston*, 7 Cush. 273. *Lowell* v. *County Commissioners*, 3 Allen, 546. Taxes upon real estate are a lien upon the property, and may be collected by a sale of it, while taxes upon personal property cannot be collected in this way. This in itself is a sufficient reason for assessing them separately. Different parcels of real estate belonging to the same owner cannot properly be assessed together upon a single valuation. *Hayden* v. *Foster*, 13 Pick. 492. *Jennings* v. *Collins*, 99 Mass. 29.

Land and the buildings upon it are ordinarily parts of the same real estate, and they cannot be separated for the purpose of collecting taxes. Although for statistical purposes they are at first valued separately, their aggregate worth, limited by their value in use together, constitutes the valuation of the entire real estate for the purpose of taxation. But this principle does not apply to machinery in a mill used with land and buildings for manufacturing purposes. The requirement of the Pub. Sts. c. 11, § 53, (R. L. c. 12, §§ 58, 59,) that machinery shall be valued separately, is partly for statistical purposes, and partly because it has to some extent a local character which well may make it a subject of local taxation. Its worth is deducted from the whole value of the corporate property in determining the value of the franchise. See R. L. c. 14, §§ 37, 42. Such machinery is not taxed as real estate, but as personal property. · The land and the buildings and the water power are real estate, and are taxed accordingly.

Except for the purpose of enforcing a lien in the collection of the tax on real estate, it is ordinarily of no practical consequence to any one, in drawing a line between machinery which is personal property and fixtures in a building which are real estate as between grantor and grantee, whether the division is made precisely as the law makes it in connection with conveyances of such property. It is often a matter of great difficulty to deter-

mine as between mortgagor and mortgagee, or grantor and grantee, whether certain kinds of machinery do or do not pass as a part of the real estate. In all doubtful cases it is better that the rule as to taxation should be such as to give a lien for the collection of the tax only when the tax is upon that which is plainly real estate. Perhaps for this reason the statute authorizes taxation of machinery as personal property in terms broad enough to include that which otherwise properly might be taxed as a part of the building. But all that is taxed as machinery and not as a part of the building is taxed as personal property. It is not a part of the same unit of taxation as the land and the buildings.

The fact that, when the land, buildings and machinery are of more value if kept together and used for mill purposes than if separated, each of them should be valued for taxation at its worth as used in connection with the others, (see *Troy Cotton & Woolen Manufactory* v. *Fall River*, 167 Mass. 517,) does not affect the principle. In proceedings for an abatement, the machinery is to be treated as belonging to a separate class, and if the land or the building is overvalued an abatement may be ordered, whether the machinery is rightly valued or not.

The judge rightly ruled that, upon the agreed facts, the Hamilton Manufacturing Company is not taxable for the land within the railroad location. The right of the petitioner is a mere easement in the land, terminable on the happening of a contingency. The fee is in the Proprietors of the Locks and Canals, and the title of the railroad company under its location, inasmuch as the land is outside of its road five rods in width, is not exempt from taxation under the statute. R. L. c. 111, § 96. It is unnecessary further to consider the effect of the indentures, or to determine anything more than the questions raised by the exceptions.

*Exceptions overruled.*