JAMES A. DONOVAN & others, trustees, *vs.* CITY
OF HAVERHILL.

Essex.    October 17, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Tax*, Assessment.    *Landlord and Tenant.*

In determining the fair cash value of real estate for the purpose of taxation,
the assessors of a city or town are not required to make a deduction on
account of the diminished value to the owner resulting from long time
leases, whose terms began some years before and were to end some years
after the date of the assessment and which provided for a rental which
at the time of the assessment was insufficient in the circumstances.

PETITION, filed in the Superior Court under G. L. c. 59,
§ 65, appealing from a refusal by the assessors of taxes of
the city of Haverhill to abate the tax assessed upon the
real estate of the petitioners for the year 1921.

In the Superior Court the petition was heard by *Bishop,*
J., without a jury. Material findings and rulings are de-
scribed in the opinion. The judge reported the case for
determination by this court, judgment to be entered for
the respondent for its expenses and costs if the findings and
rulings were correct, and, if they were incorrect, judgment
to be entered for the petitioners in the sum of $740.88 with
interest.

*J. A. Donovan* (*J. M. Hagedon* with him,) for the peti-
tioners.

*A. F. Priest,* for the respondent.

PIERCE, J.    This action came before the Superior Court,
under the provisions of G. L. c. 59, § 65, on appeal from the
refusal of the assessors of city of Haverhill to abate taxes
assessed in 1921 upon the real estate of the petitioners; and
is before this court upon the facts and rulings contained in
the report of a judge of that court.

The property assessed was leased to tenants with terms
commencing some years before, and ending some years

after, the 1921 taxable year.   When leased, the rents reserved were fair; when the tax was laid in 1921 the properties could have been rented for several thousand dollars in excess of the rent paid if the leases could have been cancelled.   The petitioners admitted that if the property had not been leased the assessment of $223,725 would have been a proper assessment.

At the time the assessors made the valuation and determined the assessments upon the property of the petitioners for 1921, they took into consideration the sale prices of similar parcels of land in the near vicinity, after comparing the availability of such land with the land in question; and in assessing the buildings they took into consideration the original cost thereof, with allowances for depreciation and appreciation and replacement cost.   They also knew the terms of all the leases; and after considering what effect, if any, the terms of the leases should have upon the valuation of the property, determined that the owners were not getting the full rental value or return from the property, and that the fact that leases upon parts of the premises would not expire for three, four, twelve, and fifteen years, and the fact that the return from these leases then, in 1921, might be less than if the premises were rented from month to month or from year to year, should not for the purposes of taxation be taken into consideration by them in determining the fair cash value of the property.   In determining the fair cash value of the property in 1921 the assessors did not, except as above stated, take into consideration the existing leases.

The property was assessed for the year 1921 proportionately with the surrounding property and with the property in that vicinity.   The fair cash value of the property, if the leases are not considered as an incumbrance affecting the value thereof, was in 1921 at least $223,725.   The fair cash value of the property, if the leases should be taken into consideration in fixing the fair cash value, that is, should have been considered as incumbrances affecting the fair cash value for purposes of taxation, was, in 1921, $198,000. The surrender value of the leases on April 1, 1921, was at least $25,725.

It is the contention of the petitioners that the outstanding leases are incumbrances on this property which substantially diminish its fair cash value; and that the assessment, considered in reference to all the uses to which it may be put, was in excess of its fair cash value. Ordinarily, in tax and in eminent domain cases, the " fair cash value " of property as the basis for an assessment or for the ascertainment of adequate compensation for the owner is the fair market value of that property at the time of the assessment or taking, expressed in the price which some one will pay for it in open market. *National Bank of Commerce* v. *New Bedford,* 155 Mass. 313, 315. *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190, 206. " Taxes on real estate shall be assessed . . . to the person who is either the owner or in possession." G. L. c. 59, § 11. The tax, whether assessed to the owner of the fee or to the person in possession, is a tax upon the whole land and not merely on the interest of the person taxed. " The tax is upon the parcel of real estate as one entire interest." *Parker* v. *Baxter,* 2 Gray, 185, 189. *Worcester* v. *Boston,* 179 Mass. 41, 48.

It is provided in G. L. c. 60, § 37, that taxes assessed upon land shall be a lien thereon from April first in the year of assessment; and that said lien shall continue for two years, and thereafter in certain conditions until the estate shall be alienated. Further, that " Said taxes, if unpaid for fourteen days after demand therefor, may, with said charges and fees, be levied by sale of the real estate, if the lien thereon has not terminated." The lien thus created is upon the land itself and not upon the estate or interest of the person assessed. *Parker* v. *Baxter, supra.*

A purchaser at a tax sale under G. L. c. 60, §§ 43, 45, acquires a new and paramount title, — a title in fee simple, which he holds " as security for the repayment of the purchase price, with all intervening costs, terms imposed for redemption and charges, with interest thereon." Section 45 contains the provision that the premises conveyed shall " also be subject to and have the benefit of all easements and restrictions lawfully existing in, upon or over said land or appurtenant thereto when taken." *Weeks* v. *Grace,* 194

Mass. 296, 300. *Dover* v. *Allen*, 224 Mass. 551. *Isbell* v. *Greylock Mills*, 231 Mass. 233, 235. The decision in *Parker* v. *Baxter, supra*, makes it plain that the assessment whether to the owner or to the person in possession must be an assessment upon the entire estate and not upon any interest therein. It follows that an assessment may not be laid upon leases as an interest in the land which is to be assessed, nor upon the owner of such interest in his position as lessee.

Manifestly the entire estate to be taxed may be made up of various tenancies, vested and contingent, as well as leasehold interests, the value of which in many cases it would be impracticable to determine. It is plain a deduction of the surrender value of a long term lease from the market value of the estate, ascertained by a sale of the land free of the lease, in many instances would seriously impair the taxable valuation of the estate considered as a whole; and that the entire estate would escape taxation to the extent of the tax upon the value of the leasehold interest to the estate for the purpose of extinguishment. We do not think a determination of the fair cash valuation of real estate requires the assessors to make such a deduction. In *Lodge* v. *Swampscott*, 216 Mass. 260, the restrictions upon the land affected the use of the land, and consequently could have been found to diminish its fair cash value. In the case at bar, the use and enjoyment of the estate are not affected by the fact that the owner of the estate receives less income therefrom than he might receive if he had made other provisions and covenants as to rent and payment of taxes. The ruling that the petitioners are not entitled to an abatement was right.

It follows in accordance with the terms of the report that "judgment is to be entered for the city of Haverhill for its expenses and costs, to be taxed by the court."

*So ordered.*