## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Green Run Corp.
of Virginia Beach

v.

City of Virginia Beach

March 5, 1980

Case No. (Chancery) C-77-1598

By JUDGE AUSTIN E. OWEN

This matter is before the Court to be considered upon the Stipulation filed herein on July 19, 1979; the Supplemental Stipulation filed herein on December 18, 1979; the briefs and the oral arguments of counsel, last heard on January 11, 1980.

The issue is whether or not the City of Virginia Beach should have considered the option to purchase (described in the Stipulation) when it assessed the real property in question for the years in question.

The option in question was acquired by complainant in 1967 and exercised in 1976 and 1977. The question is not one of whether an option value fixed by the optionor and optionee at one point in time should be considered in determining fair market value at another point in time some years later, as evidence of the price agreed upon by a willing buyer and a willing seller. If this were the question, the answer would largely be governed by the closeness in time of the date of the granting of the option and the date of the assessment, and if sufficiently close in time, such option would obviously be a factor to be considered in determining fair market value, just as would a sale of comparable property in the area.

Rather, the question is whether the constitutional requirement that property be assessed at its fair market value (Virginia Constitution, Article X, Sec. 2), requires

that the assessed value of property subject to such an option be limited so as not to exceed the price of the option thereon then outstanding.

The Court has not been directed to any authority directly on point. The Supreme Court of Virginia has repeatedly held that our Constitution requires all assessments to be at their fair market value, but where it is impossible to secure both the standard of the true value and "uniformity and equality required by law" (Virginia Constitution, Article X, Sec. 1), the latter requirement is to be preferred as the just and ultimate purpose of the law. See e.g. *Lehigh v. Commonwealth*, 146 Va. 146 (1926); *Washington County National Bank v. Washington County*, 176 Va. 216 (1940); *Skyline Swannanoa v. Nelson County*, 186 Va. 878 (1947); and *Woman's Club v. City of Richmond*, 199 Va. 734 (1958).

It is clear, also, that the constitutional "fair market value" is not the value of the property to the owner. "In estimating the value. . . all the capabilities of the property and all the uses to which it may be applied or for which it is adapted, are to be considered, but it is not a question of the value of the property to the owner." *Woman's Club v. City of Richmond*, 199 Va. 734, 738.

It is equally clear that the "uniformity and equality required by law" mandate that the full fee value of each parcel of property be assessed for taxation, and be assessed on a uniform basis. If the City of Virginia Beach were to consider options to purchase when assessing real properties, then identical properties could receive greatly differing assessments. "By the use of this method, it is entirely possible that two buildings adjacent to each other, being identical in all other respects. . . would have a completely different resulting true value merely because one building had a greater mortgage than the other." *Glenwood Realty Co. v. East Orange*, 187 A.2d 602 (1963).

In the case of *Railroad Company v. Commonwealth*, 203 Va. 294 (1962), the Supreme Court of Virginia considered the contention of the railroad that its property was over-assessed as it was subject to various contract and lease arrangements (incidentally with corporations owning a majority of its stock) limiting its income from the property to $12,500.00 per year until some date in the next century. The Court held, at page 301, that "[i]f

such an arrangement could result in reducing the taxable value of land, large values would escape taxation altogether because the interest of the lessee is not taxable." Likewise, in the instant case, the interest of the optionee is not taxable. Again, at page 301, the court quoted with approval a portion of the opinion of the State Corporation Commission, including: "The property subject to taxation is the fee simple and not the reversion after the expiration of a lease."

Further, at page 301, the court said:

> In *Donovan v. Haverhill*, 247 Mass. 69, 141 N.E. 564, 30 A.L.R. 358, it is said:
> "Manifestly the entire estate to be taxed may be made up of various tenancies, vested and contingent, as well as leasehold interests, the value of which in many cases it would be impracticable to determine. It is plain a deduction of the surrender value of a long term lease from the market value of the estate, ascertained by a sale of the land free of the lease, in many instances would seriously impair the taxable valuation of the estate considered as a whole; and that the entire estate would escape taxation to the extent of the tax upon the value of the leasehold interest to the estate for the purpose of extinguishment. We do not think a determination of the fair cash valuation of real estate requires the assessors to make such a deduction."

If options voluntarily granted by property owners were considered in assessing properties for taxation, then various properties would be assessed on varying bases. As the court said in *Smith v. City of Covington*, 205 Va. 104, 109 (1964), "[a]ppellants were entitled to have the same yardstick which measured the market value of the other properties applied to their property." And, at page 110, "[w]e hold that under the evidence, the assessment of appellants' dwelling house was out of line with the assessments of like and similar property, and that, therefore, there was a lack of uniformity." Consistent with its earlier decision, the Supreme Court of Virginia in the case of *R. F. & P. v. Corporation Commission*, 219 Va. 301, 319 (1978), held with respect

to the contention that the valuation should be reduced on parcels subject to easements and other restrictions, that:

>In rejecting that contention, this Court noted that an estate to be taxed may be made up of various legal interests, the value of which in many cases would be impractical to determine. The magnitude of such interests could seriously impair the taxable valuation of the property as a whole and, conceivably, the entire estate could escape taxation.

In the instant case, the Stipulation reflects that the assessed valuation considerably exceeds the option price, and that, absent consideration of the option price, the assessed valuation represents the fair market value. It follows that consideration of the option price in determining fair market value would, in this instance, permit a substantial portion of the estate to escape taxation. Consideration of the option price would result in an assessment of the subject property based upon a yardstick not applied to similarly situated properties. Such a consideration would clearly result in an unconstitutional lack of uniformity.

The Stipulation, as above reflected, makes clear that the entire estate of the property here in question has a fair market value considerably in excess of the option price. A portion of the value of that estate is vested in the optionor and a portion in the optionee. To permit the value of that portion of the estate which is vested in the optionee to escape assessment and taxation would violate the constitutional requirement of uniformity in assessments.

For the reason above set forth, the City of Virginia Beach should not have considered the option in assessing the subject property, and judgment in this case should be in favor of the City of Virginia Beach.