CBK Brook House I Limited Partnership *vs.* Ellen Berlin & others.[1] No. 04-P-1120. October 3, 2005. *Condominiums,* Master deed, Parking, Common area.

After a bench trial, and on the basis of detailed findings of fact, a Land Court judge found in favor of CBK Brook House I Limited Partnership (CBK), and against Brook House Condominium Trust (BHC), on all claims pending in an action between the two respecting their several rights and obligations in the so-called "transient" parking garage located in Brook House condominium.

We accept the judge's factual findings, see Mass.R.Civ.P. 52, as amended, 423 Mass. 1402 (1996), which are well supported by the evidence, and uphold his rulings of law, set forth in a written decision. After having reviewed the record, and upon consideration of the parties' arguments and written submissions, we conclude there is no sound reason to disturb any aspect of the judgment entered by the Land Court, which declares the parties' respective rights and obligations.

We address briefly the legal contentions pressed by BHC on appeal.

1. By amendments in 1984 to the master deed for the Brook House condominium, and while CBK owned all of the units in the condominium (see note 2, *infra*), CBK retained an affirmative easement interest in parking spaces within the transient garage. By doing so, CBK did not run afoul of G. L. c. 183A or governing Massachusetts decisions. See, e.g., *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. 123, 130 (1990), *S.C.*, 412 Mass. 309 (1992); *Queler* v. *Skowron*, 438 Mass. 304, 313 (2002).

The 1984 amendments to the master deed did not (as BHC has argued) divide the condominium's common area or reduce the unit owners' percentage of undivided interest in the common area. The judge determined as much, and we agree. CBK's retained interests are not materially different from the retained interests at stake in *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. at 130, where the court ruled:

> "A valid interest in a common area, to which the master deed is expressly subject, is not part of the common area. Section 1 of G. L. c. 183A makes it clear that certain land granted to a condominium, including the parking area, shall be considered part of the common area, but adds 'except as otherwise provided or stipulated in the master deed.' "

We reject BHC's contention that c. 183A, or Massachusetts case law, requires that such an interest, by necessity, be created by way of a prior recorded instrument, and not, as it happened here, by amendment to the master deed. It need not be emphasized that G. L. c. 183A, § 1, defines "common areas and facilities" with the proviso, "except as otherwise provided or stipulated in the master deed," and that G. L. c. 183A, § 2, as amended by St. 1985, c. 788, § 3, states, "The provisions of this chapter shall not be deemed to preclude or regulate the creation or maintenance of other interests in real property not expressly declared by the owner or lessee to be subject thereto."

---

[1]Donald Martin, George Garfinkle, Denise Karlin, Dheeresh Patel, Carol Holt, and Eric Berke, who (along with Ellen Berlin) are trustees of the Brook House Condominium Trust.

Thus, §§ 1 and 2 contemplate that interests in land may be withdrawn from c. 183A's coverage, as provided for or stipulated in the master deed itself.

BHC's argument cannot stand in view of the Supreme Judicial Court's opinion in *Queler* v. *Skowron*, 438 Mass. at 313, where the court stated:

> "Although the interest created in *Commercial Wharf E. Condominium Ass'n* v. *Waterfront Parking Corp.*, [407 Mass.] at 125, was one that was retained by the developer by operation of an instrument recorded prior to the master deed, there is nothing in [G. L. c. 183A,] § 5(*c*), that prohibits the declarant of a phased development from retaining such an interest by operation of the master deed itself."

The same is true with respect to CBK's retention of an easement as to the transient garage parking spaces, at least where no unit had been sold prior to the time when the 1984 amendments to the master deed were put in place.[2] If anything, the development scheme followed by CBK is akin to the phased development at issue in *Queler*.

2. In 1984, before any of the condominium units were marketed, a group of tenants in the building formed an organization known as the Brook House Association (BHA). BHA retained counsel to negotiate with CBK the terms of any amendments to the master deed. Other tenants, also represented by counsel, participated in the negotiations.[3] The process included discussion of the allocation of parking revenues and costs of operation of the transient garage, and the agreement reached between the tenants' association and CBK was memorialized in the 1984 amendments. Each prospective buyer of a condominium unit was given a copy of the master deed and its 1984 amendments.

There is no merit to BHC's argument that the 1984 amendments to the master deed had the effect of imposing an illegal non-common charge on unit owners.[4] See *Beaconsfield Towne House Condominium Trust* v. *Zussman*, 416 Mass. 505, 507 (1993). It is enough to say that the negotiated arrangement worked out between the tenants' association and CBK, memorialized in the 1984 amendments, with notice to unit owners, is one that is not prohibited by c. 183A. The judge correctly refused BHC's invitation to rewrite that arrangement, which had been freely entered into by the parties involved.

"Unless expressly prohibited by clear legislative mandate, unit owners and developers may validly contract as to the details of management." *Barclay* v.

---

[2]As of May 17, 1984, when the condominium master deed was first amended, CBK (and an affiliate) owned all of the units in the condominium. The judge found that "[t]he first master deed amendment and the first trust amendment (collectively, the 1984 amendments) were recorded prior to any sales of units."

[3]We refer to the members of BHA and the other tenants involved in the negotiations collectively as "tenants' association."

[4]It is the master deed that prescribes "the rules of the game," *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. 442, 452 (1994), and each unit owner's interests are subject to "the limitations set forth in the master deed and the condominium bylaws." *The 39 Joy Street Condominium Assn.* v. *Board of Appeal of Boston*, 426 Mass. 485, 487 (1998). See *Podell* v. *Lahn*, 38 Mass. App. Ct. 688, 694 (1995) (unit owners took title with notice that they had sole responsibility for pool-related expenses).

*DeVeau,* 384 Mass. 676, 682 (1981). The judge determined that the arrangements settled upon by CBK and the tenants' association, as incorporated in the 1984 master deed amendments, were valid and in harmony with the reasonable expectations of the parties. The judge properly rejected BHC's claim that the arrangement as to the transient garage was unfair to unit owners or oppressive in its application to them.

The judge deemed significant (and we do as well) the fact that CBK had provided the members of BHA, as well as other tenants, all of whom had the benefit of counsel, a fair opportunity to raise concerns and participate in a meaningful fashion in the process of finalizing the content of the 1984 amendments.

The judge could rightly conclude (as he did) that the benefits and burdens of the negotiated arrangement, as set forth in the 1984 amendments, were reasonably allocated between the parties, and were based on legitimate business concerns of CBK relating to its operation of commercial areas of the condominium.[5]

3. The judge correctly dismissed BHC's counterclaims (counts II-V) as time-barred, pursuant to G. L. c. 260, § 2. The judge determined BHC's claims were "essentially contractual in nature" and were not for the purpose of recovery of land (so as to allow application of the twenty-year limitations period found in G. L. c. 260, § 21). There was no error in so ruling.

The judgment entered by the Land Court is affirmed.

*So ordered.*

*Robert B. Carpenter* for the defendants.
*Lee H. Kozol* for the plaintiff.

---

[5]To the extent that BHC claims CBK had violated fiduciary duties to future unit owners, by so amending the master deed, there is some question (as CBK argues) whether such a claim was properly preserved for review before this court. If this claim had been so preserved, we are satisfied that the judge's findings and rulings of law would entirely foreclose any claim along this line.