NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-288                                          Appeals Court

    MICHAEL RAUSEO, trustee,[1] vs.  BOARD OF ASSESSORS OF BOSTON.


                            No. 18-P-288.

        Suffolk.     October 11, 2018.  -  November 26, 2018.

            Present:  Green, C.J., Hanlon, & Maldonado, JJ.


Taxation, Appellate Tax Board:  appeal to Appeals Court.
     Condominiums, Master deed, Parking, Common area.


     Appeal from a decision of the Appellate Tax Board.


     Douglas M. Kiernan for the taxpayer.
     Adam Cederbaum, Assistant Corporation Counsel.
     Peter Antell, for Karen Gacicia & another, amici curiae,
was present but did not argue.


     GREEN, C.J.  This appeal presents the question whether

parking easements reserved by a condominium developer in the

documents establishing the condominium, freely alienable and not

appurtenant to any condominium unit, are (as the defendant board

of assessors contends) subject to taxation as real property, or

(as the plaintiff contends) ineligible for such taxation under

_____

        [1] Of the Broad/Franklin Development Trust.

G. L. c. 183A, § 14, because they are already taxed as part of the condominium common areas. The Appellate Tax Board agreed with the defendant, affirmed the denial of the plaintiff's applications for abatement, and the plaintiff appealed. We affirm.

Background. By condominium master deed dated February 15, 2006, and duly recorded with the Suffolk County registry of deeds, certain land and buildings located at 80 Broad Street in Boston were submitted to the provisions of G. L. c. 183A to form the Folio Boston Condominium (condominium). The condominium contains ninety-nine units, of which ninety-six are residential and three are commercial. As required by G. L. c. 183A, § 8, the master deed included, among other information, the unit designation of each unit; a statement of each unit's location, approximate area, and number of rooms, and the immediate common area to which it has access; and a description of the common areas and facilities and the proportionate interest of each unit therein.

Section 4(c)(ii)(a) of the master deed describes the "condominium parking area," including the "parking easements" located therein. In particular, the declarant under the master deed "reserves to itself and its successors and assigns and its or their designees, the exclusive right and easement from time to time to sell, convey, lease, rent or license easements for

each of the Parking Spaces (the 'Parking Easements;' individually, a 'Parking Easement')." That section further provides that the declarant may sell, lease, or otherwise convey parking easements to unit owners or others, and that the parking easements shall be easements in gross. Parking easement owners also may convey any parking easement(s) they hold to unit owners or to nonunit owners, entirely separate from any interest in a condominium unit. The parking easements themselves are not appurtenant to any unit in the condominium, and do not relate to a designated parking space.[2] The "condominium parking area" is described as located within certain specified limited common areas of the condominium. Section 4(c)(ii)(d) provides that, in the event the condominium is removed from the provisions of G. L. c. 183A, the parking easements will be deemed extinguished, but that the owners of the parking easements will be entitled to any insurance proceeds, eminent domain proceeds, or other financial remuneration obtained upon termination of the condominium and attributable to the parking easements. Parking easement owners bear all risk of loss arising from their easement interest, and they agree to indemnify, defend, and hold the condominium unit owners association harmless against all

---

[2] All parking in the condominium parking area is by valet, and no owner or user of a parking space is allowed to retrieve a vehicle from the parking area, except through the valet service.

claims arising therefrom.  All expenses associated with the parking easements are borne by parking easement owners and are not charged to condominium unit owners as part of common area expenses.  Conversely, parking easement owners make no contribution to common area expenses, other than those attributable to the parking area.

By letter dated October 22, 2002, the Department of Revenue issued a letter to the defendant, authorizing it to assess separately from condominium units any easements in condominium parking areas that are easements in gross and not appurtenant to any condominium unit.  The defendant thereafter apparently began assessing such parking easements as separate property interests; in the present case, at least, the defendant assessed and taxed thirteen parking easements owned by the plaintiff, and the plaintiff filed for abatements.  The defendant denied the plaintiff's applications for abatement, and the plaintiff appealed to the Appellate Tax Board, which affirmed the denials.[3]  This appeal followed.

Discussion.  Our role on review of a decision by the Appellate Tax Board is well settled:  "[w]e will not modify or

_____

[3] In its abatement applications and in its appeal, the plaintiff challenged only the defendant's treatment of the parking easements as taxable interests separate from the condominium common areas, and not the valuations of those easements.

reverse a decision of the board if the decision is based on both substantial evidence and a correct application of the law." Boston Professional Hockey Ass'n, Inc. v. Commissioner of Revenue, 443 Mass. 276, 285 (2005). "Although the proper interpretation of a statute is for a court to determine, we recognize the [tax] board's expertise in the administration of tax statutes and give weight to the [tax] board's interpretations." Adams v. Assessors of Westport, 76 Mass. App. Ct. 180, 183 (2010), quoting Raytheon Co. v. Commissioner of Revenue, 455 Mass. 334, 337 (2009). The facts in the present case are undisputed, and we are solely concerned with the question whether the Appellate Tax Board correctly interpreted the law.

"We begin our discussion by recognizing that under common law, a property owner has the right to impose limitations or conditions on an estate that is conveyed to another . . . ." Queler v. Skowron, 438 Mass. 304, 310 (2002). "A condominium is created by a 'declarant' who records a master deed that 'submits' land to the provisions of G. L. c. 183A." Id. at 311. In imposing conditions or limitations on property submitted to G. L. c. 183A, "there is nothing in § 5 (c) [of that chapter] that prohibits the declarant of a phased development from retaining such an interest by operation of the master deed itself." Id. at 313. See CBK Brook House I Ltd. Partnership v.

Berlin, 64 Mass. App. Ct. 913, 913-914 (2005). And the right to impose limitations on the interests submitted to the condominium form of ownership under the master deed is not limited to the retention of the right to withdraw land from the condominium ownership rather than proceed with the development of planned phases; "[i]n Commercial Wharf E. Condominium Ass'n v. Waterfront Parking Corp., [407 Mass. 123,] 128-130 [(1990), the Supreme Judicial Court] . . . concluded that a developer properly could retain an interest in land described in the master deed, but by doing so, . . . 'its retention does not constitute a division of the common area'" in violation of G. L. c. 183A, § 5 (c). Queler, supra.

The retained interest at issue in Commercial Wharf E. Condominium Ass'n, 407 Mass. at 125, was an easement for parking, established by a "Declaration of Covenants and Easements" recorded immediately prior to the recording of the master deed establishing the condominium. Similarly, in CBK Brook House I Ltd. Partnership, 64 Mass. App. Ct. at 913, the condominium declarant retained an affirmative easement for parking spaces located within a transient garage.[4] In each case, the court recognized the validity of the retained interests

_____

    [4] The reservation of interest in CBK Brook House I Ltd. Partnership was made by amendment to the master deed, recorded before any units had been conveyed. See 64 Mass. App. Ct. at 913.

against a claim that the rights properly should be considered part of the condominium common areas, so that their retention constituted an impermissible division of the common areas in violation of G. L. c. 183A, § 5 (c). See Commercial Wharf E. Condominium Ass'n, supra at 129-130; CBK Brook House I Ltd. Partnership, supra at 913-914.

Taken together, Commercial Wharf E. Condominium Ass'n, Queler, and CBK Brook House I Ltd. Partnership make plain that an easement in gross for parking, reserved by a condominium declarant from the interests submitted under a master deed to the condominium form of ownership pursuant to G. L. c. 183A, is not a part of the condominium common areas. It follows that such an easement is subject to taxation as an interest separate from the units in the condominium.[5]

---

[5] That the easement is a nonpossessory interest does not derogate from its status as a present interest in real property. See, e.g., Davisson v. Commissioner of Revenue, 18 Mass. App. Ct. 748, 752 (1984). Neither party has raised any question whether an easement may be taxed as a separate interest, directly to the easement holder, rather than as an element of the value of the land comprising the servient estate burdened by the easement. We accordingly do not consider the question, other than to observe that it would make little practical difference in the present case inasmuch as the master deed provides that any taxes on the value of the parking easements imposed on the organization of unit owners would be passed through to the parking easement holders. But see Hamilton Mfg. Co. v. Lowell, 185 Mass. 114, 118 (1904) (easement for railway, terminable upon occurrence of contingency, not taxable to easement holder instead of fee owner). See generally Worcester v. Boston, 179 Mass. 41, 48 (1901).

First Main St. Corp. v. Assessors of Acton, 49 Mass. App. Ct. 25 (2000), on which the plaintiff relies, is not to the contrary. In that case, we held that a reservation of development rights by a condominium declarant did not constitute a taxable present interest in real property, based in part on the conclusion that the land subject to those development rights was a part of the common areas of the condominium. Because the land was part of the condominium common areas, it was taxed as such, and as appurtenant to the condominium units, pursuant to G. L. c. 183A, § 14. See First Main St. Corp., supra at 28-29.[6] See also Spinnaker Island & Yacht Club Holding Trust v. Assessors of Hull, 49 Mass. App. Ct. 20, 23 (2000). In the present case, while the area within which the parking easements are physically located is a part of the limited common areas of the condominium, the easements themselves were reserved by the declarant from the property interests submitted to the provisions of G. L. c. 183A, are not appurtenant to any condominium unit, are separately alienable as interests in real property, and are not (and never were) part of the condominium common areas.

> Decisions of Appellate Tax Board affirmed.

---

[6] The court in First Main St. Corp. also observed that, in any event, future development rights do not constitute a present interest in real estate. 49 Mass. App. Ct. at 28.