MURROW vs. BOARD OF ASSESSORS OF BOSTON, 102 Mass. App. Ct. 278

 
 CLAUDIA MURROW vs. BOARD OF ASSESSORS OF BOSTON.

102 Mass. App. Ct. 278
 October 12, 2022 - February 6, 2023

Court Below: Appellate Tax Board
Present: Meade, Singh, & Walsh, JJ.

 

No. 21-P-776.

Condominiums, Parking, Master deed. Easement. Real Property, Easement. Taxation, Assessors, Abatement, Real estate tax: abatement. Administrative Law, Agency's interpretation of statute.

The Appellate Tax Board properly denied a taxpayer's application for abatement of a tax assessed against her in gross parking easement, which was located within a thirty-seven unit residential condominium building containing fifty-four parking spaces, and was freely transferable and not appurtenant to any condominium unit, where a plain reading of G. L. c. 59, § 11, authorized the taxation of her nonpossessory easement interest in her parking space; further, the taxation of that interest and the taxation of the condominium unit owners' possessory interest in their respective residential units under G. L. c 183A, § 14, was the lawful taxation of two separate interests in real property and not double taxation. [280-283]

Appeal from a decision of the Appellate Tax Board. 

 Mark F. Murphy for the taxpayer.

 Samantha H. Fuchs, Assistant Corporation Counsel, for board of assessors of Boston.

 SINGH, J. The question presented on appeal is whether the owner of an in gross parking easement reserved by a condominium developer in the condominium's master deed, which is freely transferable and not appurtenant to any condominium unit, may be directly taxed on the value of that interest pursuant to G. L. c. 59, § 11.

 The taxpayer, Claudia Murrow, asserts that the answer is no; she argues that the city of Boston (city) cannot tax both the fee simple interest of the condominium, owned by the unit owners, and her easement interest in a parking space on the same land. Put another way, Murrow contends that the city is unlawfully taxing the same property twice. She now appeals from a decision of the Appellate Tax Board (board), which affirmed a decision of the board of assessors of Boston (assessors) denying Murrow's 

 Page 279 

application for abatement of a tax assessed against her parking easement in fiscal year 2019; the board reasoned that Murrow's easement is a present interest in real estate and thus is subject to taxation pursuant to § 11. We agree and affirm the board's decision.

 Background. In November 1986, the Charles Bulfinch Condominium at 350 North Street in Boston was established pursuant to G. L. c. 183A by the recording of a master deed. The condominium consists of a nine-story, thirty-seven unit residential building with fifty-four parking spaces. The condominium's master deed contained all the particulars required by G. L. c. 183A, § 8, including "[a] description of the common areas and facilities and the proportionate interest of each unit therein." Paragraph 4(a) of the master deed provides that the developer reserves

"exclusive easements in gross for the parking of a motor vehicle in each such space and the right to pass and repass from each such parking space for the purpose of egress and exit. Such exclusive easements in gross are not appurtenant to any estate and may be freely assigned and alienated by Sponsor and those claiming by, through and under the Sponsor by reason of such assignment and alienation. Owners of such Easements in Gross shall pay the annual assessments as set forth in Article VI, Sec. 1 of the By-Laws."

 The following year, in November 1987, Murrow paid the developer of the condominium $33,000 for a "perpetual and exclusive [e]asement in [g]ross to use parking space [number forty]." [Note 1] Murrow's deed for the easement states that it was granted pursuant to paragraph 4(a) of the master deed and that it "is personal to the Grantees, their heirs, successors, and assigns, is unconnected to any other lands or estates, is perpetual, and is freely assignable, divisable, and alienable." The deed was recorded in January 1988 at the Suffolk County registry of deeds. Murrow's parking easement is her only interest at the condominium, as she is not a unit owner.

 Thirty-one years later, in fiscal year 2019, the city assessed Murrow's easement as a present interest in real estate for the first time. The city appraised the easement at a value of $56,000 and issued Murrow a tax bill for $590.24. Murrow filed an abatement 

 Page 280 

application for the bill, which was denied. Murrow appealed that decision to the board. After an evidentiary hearing on the parties' cross motions for summary judgment, the board issued written findings of fact pursuant to the board's own motion under G. L. c. 58A, § 13. The board affirmed the assessors' decision, reasoning that the Legislature's broad grant of authority to assessors under the plain language of G. L. c. 59, § 11, together with applicable case law, supports the conclusion that Murrow's easement is a present interest in real estate subject to taxation under § 11. This appeal followed.

 Discussion. 1. Standard of review. A decision by the board "will not be modified or reversed if the decision 'is based on both substantial evidence and a correct application of the law.'" New Cingular Wireless PCS LLC v. Commissioner of Revenue, 98 Mass. App. Ct. 346, 353 (2020), quoting Genentech, Inc. v. Commissioner of Revenue, 476 Mass. 258, 261 (2017). Because the facts here are undisputed, we only consider whether the board correctly interpreted the law. See Rauseo v. Assessors of Boston, 94 Mass. App. Ct. 517, 519 (2018). Given that "the board is an agency charged with administering the tax law and has expertise in tax matters, we give weight to its interpretation of tax statutes" (citation omitted). Oracle USA, Inc. v. Commissioner of Revenue, 487 Mass. 518, 522 (2021). "Where the board's construction of a tax statute is reasonable, we will defer to its interpretation." Id.

 2. Analysis. We begin with the text of the statute, "the principal source of insight into [l]egislative purpose" (citation omitted). Dental Serv. of Mass., Inc. v. Commissioner of Revenue, 479 Mass. 304, 306 (2018). In doing so, "[w]e adhere to the familiar principle that tax statutes are to be strictly construed; we will not read into a statute an authority to tax that it does not plainly confer" (citation omitted). Id.

 General Laws c. 59, § 11, provides, in pertinent part, that "whenever the assessors deem it proper, they may assess taxes upon any present interest in real estate to the owner of such interest on January 1." The board found in its decision that the tax of Murrow's easement here is supported by the plain language of § 11, applicable precedent, and "fundamental notions of tax policy." We agree.

 "The Massachusetts Constitution vests the authority to tax exclusively in the Legislature." Oracle USA, Inc., 487 Mass. at 525. For over two centuries, the Legislature has delegated the power to assess local property taxes to municipal authorities, such 

 Page 281 

as the assessors here. See Verizon New England Inc. v. Assessors of Boston, 475 Mass. 826, 829 (2016), citing Opinion of the Justices, 378 Mass. 802, 810 & n.11 (1979). While it has long been the legislative policy of this Commonwealth "that all valuable property shall be taxable in some form," Flax Pond Water Co. v. Lynn, 147 Mass. 31, 33 (1888), it is well settled that "[t]he right to tax must be plainly conferred by" statute; "[i]t is not to be implied," First Main St. Corp. v. Assessors of Acton, 49 Mass. App. Ct. 25, 28 (2000), quoting Cabot v. Commissioner of Corps. & Taxation, 267 Mass. 338, 340 (1929).

 Here, the board properly concluded that Murrow's parking easement is a present interest in real estate subject to taxation pursuant to G. L. c. 59, § 11. In a recent decision, we considered whether in gross parking easements for a condominium complex, which, like Murrow's easement here, were freely transferable and not appurtenant to any condominium unit, were ineligible for taxation under G. L. c. 183A, § 14, [Note 2] because they were already taxed as part of the condominium common areas. Rauseo, 94 Mass. App. Ct. at 517. We held that Massachusetts case law "make[s] plain that an easement in gross for parking, reserved by a condominium declarant from the interests submitted under a master deed to the condominium form of ownership pursuant to G. L. c. 183A, is not a part of the condominium common areas," and therefore, "that such an easement is subject to taxation as an interest separate from the units in the condominium" (emphasis added). Id. at 520. We further noted that the fact "[t]hat the easement is a nonpossessory interest does not derogate from its status as a present interest in real property" (emphasis added). Id. at 520 n.5, citing Davisson v. Commissioner of Revenue, 18 Mass. App. Ct. 748, 752 (1984).

 The analysis in Rauseo, taken together with the text of G. L. c. 59, § 11, supports the assessors' taxation of Murrow's interest in her parking easement. The parties do not dispute that the board properly concluded that Murrow's easement is a present interest in real estate. See Rauseo, 94 Mass. App. Ct. at 520 n.5. As 

 Page 282 

discussed in the board's decision, Murrow's easement grants her the exclusive right to use parking space number forty at the condominium. This includes the right to exclude others from using the space, to collect rents from the lease of the space, and to sell her interest in the space and retain the profits therefrom. See Black's Law Dictionary 969 (11th ed. 2019) (defining "present interest" as "[a] property interest in which the privilege of possession or enjoyment is present and not merely future"). The board's interpretation of § 11 was also patently reasonable. The assessment of a tax on Murrow's parking easement is authorized by a plain reading of § 11, which permits assessors to tax "any present interest in real estate to the owner of such interest" (emphasis added). "Where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent" (citation omitted). South St. Nominee Trust v. Assessors of Carlisle, 70 Mass. App. Ct. 853, 856 (2007).

 Finally, we discern no support in the record for Murrow's claim that a decision in favor of the assessors here results in improper double taxation. [Note 3] Section 14 of G. L. c. 183A subjects condominium unit owners to taxation on their possessory interest in their respective units, including their proportional share of the condominium common area as set forth in the master deed, see First Main St. Corp., 49 Mass. App. Ct. at 28-29, while G. L. c. 59, § 11, subjects the parking easement owners to taxation on their nonpossessory easement interest in their respective parking spaces. This is not double taxation; it is the lawful taxation of two separate interests in real property. [Note 4] See Rauseo, 94 Mass. App. Ct. at 521 ("while the area within which the parking easements are physically located is a part of the limited common areas of the condominium, the easements themselves . . . are separately alienable 

 Page 283 

as interests in real property, and are not [and never were] part of the condominium common areas"). These separate assessments are not only supported by our current tax statutes, but they are also consonant with sound tax policy.

 As the only individual that derives value from and exercises control over parking space number forty, Murrow's interest closely resembles that of ownership. Her use of the space is exclusive, perpetual in duration, and is freely transferable to anyone she chooses. It is thus logical that she be liable to pay taxes on such an interest. See Flax Pond Water Co., 147 Mass. at 33-34 (easement owner's property interest "taxable . . . as real estate, or in connection with the fee of the land" in part because [1] "the principal and practical possession of the surface of the land was with [the easement owner]," and [2] "it might be more proper and just to assess the tax to the [easement owner] rather than to the owner of the fee of the [land], provided this was allowable under the statute"). And that is precisely what G. L. c. 59, § 11, authorizes here.

 In short, our review of the applicable law leads us to the same conclusion reached by the board. Murrow has failed to meet her burden of proving her right to an abatement of the tax assessed. [Note 5] See Boston Gas Co. v. Assessors of Boston, 458 Mass. 715, 717 (2011).

 Decision of the Appellate Tax Board affirmed.

FOOTNOTES
[Note 1] An easement in gross is "a personal interest in or right to use land of another." McLaughlin v. Selectmen of Amherst, 422 Mass. 359, 364 (1996). 

[Note 2] General Laws c. 183A, § 14, states in part: "Each [condominium] unit and its interest in the common areas and facilities shall be considered an individual parcel of real estate for the assessment and collection of real estate taxes but the common areas and facilities, the building and the condominium shall not be deemed to be a taxable parcel." We have interpreted this language to mean that condominium common areas "may not . . . be taxed other than proportionately to the unit owners." First Main St. Corp., 49 Mass. App. Ct. at 29. 

[Note 3] The record reflects that the city assesses as a separate parcel each of the thirty-seven apartment units as well as each of the fifty-four parking easements. Although the condominium is listed as an additional separate parcel, it is assessed no value to be taxed. See G. L. c. 183A, § 14. The record does not disclose whether, and if so how, the value of the land on which the parking easements are located is taxed. 

[Note 4] Even if we were to agree with Murrow that the tax levied against her easement constituted double taxation, it is not clear that such a tax would be unlawful. See Page v. Commissioner of Revenue, 389 Mass. 388, 393 (1983) ("Although double taxation is not favored, it is not per se unconstitutional"). See also O'Brien v. State Tax Comm'n, 339 Mass. 56, 62-63 (1959) ("Massachusetts taxing statutes will be 'interpreted so as not to cause double taxation unless no other reasonable construction is practicable'" [citation omitted]). 

[Note 5] Murrow's claim that the board "overruled more than a century of precedent" in allowing the city "to tax both the fee simple interest and an easement in the same real property" is misguided. Neither of the cases principally relied on for this proposition establish a prohibition. See Donovan v. Haverhill, 247 Mass. 69, 71 (1923); Hamilton Mfg. Co. v. Lowell, 185 Mass. 114, 118 (1904). Moreover, those cases predate the Legislature's amendment adding the "present interest" language to G. L. c. 59, § 11. See St. 1939, c. 175. For those reasons, and in light of our holding in Rauseo, 94 Mass. App. Ct. at 520, that a parking easement can be a taxable present interest in real estate, Murrow's argument to the contrary is foreclosed. Although Rauseo left open the question whether the easement holder could be taxed (rather than the owners of the land on which the parking spaces are located), Murrow has provided no reasoned argument as to why this could not be, particularly given the statute's authorization to tax the owner of the present interest -- here, the owner of the parking easement. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.